UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JERRY MICHAEL ZUCKER,**
    **Petitioner,**

v.                                                                              Civil No. 4:21-CV-509-P

**BOBBY LUMPKIN, Director,**
**TDCJ- CID,**
    **Respondent.**

**OPINION AND ORDER**

  Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Jerry Michael Zucker ("Zucker"), a state prisoner confined in the Beto Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Zucker, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

**I.      BACKGROUND**

  Zucker is in custody pursuant to the judgments and sentences from the 372nd District Court of Tarrant County, Texas, in cause numbers 1543839D and 1549313D. SHR-09, 6–26, ECF No. 19-9; Resp. Exhibit A (TDCJ's Commitment Inquiry Sheet).[1] Zucker was charged by indictment with one count of trafficking a child with intent for the child to be the victim of sexual assault, three counts of sexual assault of a child, three counts of indecency with a child, and one count of endangering a child. SHR-09, 4–5, ECF No. 19-9. Zucker entered a guilty plea to the three counts of sexual assault of a child, three counts of indecency with a child, and one count of endangering a child, then the state waived the first count of trafficking a child. *Id.* at 76–81 (written admonishments, waivers, judicial confession, and application for community supervision). On May 24, 2019, the trial court accepted Zucker's guilty pleas after determining he was competent and made his pleas freely and voluntarily. *Id*. at 6–20. On the same day, the trial court found Zucker guilty of one count of

---

[1]"SHR" refers to the clerk's record of the state habeas pleadings in *Ex parte Zucker*, No. 91,962-01.

indecency with a child, three counts of sexual assault of a child, and one count of endangering a child, and sentenced him to three years of imprisonment for all counts except for endangering a child, which resulted in a one-year sentence. *Id.* For the two remaining counts of indecency with a child, Zucker was placed on deferred adjudication probation. *Id.* at 10–11, 14–15. Zucker also pleaded guilty to possessing methamphetamine in an amount between four and two hundred grams, for which he received a three-year sentence of imprisonment. Resp. Exhibit A 1-2, ECF No. 18-1. Zucker did not appeal his convictions. Pet. 2, ECF No. 3.

On May 13, 2020, the Tarrant County Court Clerk file-stamped Zucker's state habeas application challenging his convictions under Cause No. 1453839D. SHR-09, 27, ECF No. 19-9. But on February 3, 2021, the Texas Court of Criminal Appeals (TCCA) denied the application based on the findings of the trial court and upon the Court's independent review of the record. SHR-01 at action taken sheet, ECF No. 19-1; SHR-0-9, 138–67 (State's Proposed Findings of Fact and Conclusions of Law), 175 (Order Adopting Findings of Fact and Conclusions of Law). The TCCA has not yet received, nor ruled on, a state habeas application challenging Zucker's conviction under Cause No. 1549313D. Resp. Exhibit B (TCCA's Webpage Search for Zucker), ECF No. 18-2. Zucker's instant § 2254 petition was file-stamped in this Court on April 5, 2021. Pet. 1, ECF No. 3.

**II.     ISSUES**

The Court understands Zucker to allege the following grounds for relief:

(1) His trial counsel was ineffective for failing to:

    (a) File a motion to suppress;
    (b) Conduct any adversarial testing;
    (c) Review facts or conduct discovery with Zucker;
    (d) Raise a *Brady* claim;
    (e) Object to the charges;
    (f) Advise Zucker against pleading guilty to multiple charges;
    (g) Advise Zucker regarding his pre-sentence investigation;
    (h) Investigate Zucker's harassment at his work; and
    (i) Investigate the case;

(2) The state prosecutor:

    (a) Violated *Brady* by withholding electronic evidence and prior criminal records of the victim;
    (b) Called Ada Collagan, who entered hearsay into evidence, violating the Confrontation Clause of the U.S. Constitution;

  (c) Made a series of prosecutorial comments that Zucker abandoned the victim, despite the evidence that showed otherwise; and

  (d) Contacted Zucker's employer and harassed him prior to his plea hearing;

(3) His conviction violates the Double Jeopardy Clause because:

  (a) Elements of one offense were charged as separate offenses, leading to multiple punishments for the elements of a single criminal act; and

  (b) Registering for the rest of Zucker's life constitutes a second punishment imposed beyond his sentence;

(4) His plea was involuntary because:

  (a) The trial judge failed to inform him of the nature of each charge and of the full range of the penalties; and

  (b) His attorney threatened a longer sentence if he did not plead guilty;

(5) The police committed misconduct when they stopped Zucker's vehicle in a private parking lot, assaulted him, and kidnaped him without cause to arrest him;

(6) The police stop, search, seizure, and interview were illegal and the evidence should have been suppressed;

(7) He was denied the right to appeal as his trial attorney refused to appeal;

(8) His sentence constitutes cruel and unusual punishment because he has been diagnosed with severe hereditary depression, but was forcibly removed from counseling and meditation, forcibly removed from sex offender treatment, and prevented from consistently taking his medications;

(9) The trial judge was discriminatory and not impartial when he stated that "if this were my son that this happened to, I would not have this job," showing he had assumptions of prejudice against Zucker;

(10) The trial judge failed to fully disclose all the terms and conditions of his sentence, rendering the "contract" fraudulent and void between Zucker and the fictional third party, TDCJ, because the charges were not lawful and TDCJ has not provided the treatment necessary for Zucker, who had COVID;

(11) The sentence was illegal because:

  (a) He will not receive good time credits as his conviction falls under the 3(g) classification; and

  (b) He will have to register for a lifetime as a secondary punishment,

constituting a lifetime custody; and

(12) Zucker is owed 308 days of time credit between March 16, 2018, to January 18, 2019, and he is due 127 days between January 18, 2019, to May 24, 2019, as his "onerous conditions" of bond satisfy the requirements of being considered in custody.

Pet. 5-28, ECF No. 3.

### III.   RULE 5 STATEMENT

The respondent does not argue that this federal petition is successive or limitations barred at this time. The respondent does contend that Zucker's petition is partially unexhausted as a mixed petition. Resp. 7-11, ECF No. 18.

### IV.   EXHAUSTION

Petitioners seeking habeas-corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. §§ 2254(b)(1) and (c)[2]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). A state petitioner may satisfy the exhaustion requirement by fairly presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals in either a properly filed petition for discretionary review in the course of a direct appeal or state habeas-corpus application pursuant to article 11.07 of the Texas

---

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842–48 (1999); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). A state habeas application is still available to Zucker as to his claims concerning his conviction for possession of methamphetamine under Cause No. 1549313D, as his first state habeas application only challenged his convictions under Cause No. 1543839D. SHR-09, at 2, 27, ECF No. 19-9; Resp. Exhibit B, ECF No. 18-2.

Moreover, if one or more of the petitioner's claims is exhausted and one or more of the claims is unexhausted, it is a "mixed" petition and generally the entire petition must be dismissed without prejudice for failure to exhaust state court remedies. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

Zucker has failed to exhaust his claims regarding Cause No. 1549313D. Zucker did not present these claims to the TCCA in a petition for discretionary review or through a state habeas application. Pet. 2-4, ECF No. 3; Resp. Exhibit B 2-8, ECF No. 18-2.  By filing this federal petition for writ of habeas corpus, Zucker has bypassed the state courts and attempted to present original claims in federal court before the state court has had the opportunity to rule on the merits. Thus, Zucker has prevented the state courts from ruling on, and if necessary correcting, any constitutional errors that might have occurred in this case. *See Castille*, 489 U.S. at 349; *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Zucker fails to allege—and the record does not indicate—that his failure to file a state application for habeas corpus relief is due to the "absence of available State corrective process," nor to circumstances rendering this process "ineffective to protect the rights of the application." 28 U.S.C. § 2254(b). Absent a showing that state remedies are inadequate or ineffective, such showing not having been demonstrated, Petitioner cannot now proceed in federal habeas corpus. *See Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973).  Thus, state habeas corpus proceedings have been, and will remain, available to Zucker. Therefore, Zucker's instant § 2254 petition must be dismissed without prejudice as a mixed petition because he has failed to exhaust his claims challenging his conviction for possession of methamphetamine. *See Rose*, 455 U.S. at 518-19; *Alexander*, 163 F.3d at 908.

Accordingly, dismissal of the petition for lack of exhaustion is warranted so

that petitioner Zucker can fully exhaust his state-court remedies as to all of his claims and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

## V. CONCLUSION

For the reasons discussed, petitioner Jerry Michael Zucker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of exhaustion of state-court remedies. Further, a certificate of appealability is **DENIED** as Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would question this Court's procedural ruling.

**SO ORDERED** on this **7th day** of **March, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE